**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Randall Neal WYNN, Defendant— Appellant.**

No. 01–35245.
D.C. Nos. CV–96–06330–HO, CR–93–60022–HO.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2001.[*]

Decided Dec. 7, 2001.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

### MEMORANDUM [**]

Randall Wynn appeals the district court's denial of his petition for relief under 28 U.S.C. § 2255. We affirm.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"Before a sentence may be vacated on the ground of perjured testimony, the movant must show that the testimony was perjured and that the prosecuting officials knew at the time such testimony was used that it was perjured." *United States v. Reynoso–Ulloa,* 548 F.2d 1329, 1340 (9th Cir.1977) (citation and internal quotation marks omitted). Although we generally review denial of § 2255 petitions de novo, we review the district court's factual findings in those proceedings for clear error. *See United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001).

Wynn claims that Kathy Smith's trial testimony was perjured because the government forced her to testify favorably by threatening to pursue warrants for her arrest and to take custody of her children. After conducting a full evidentiary hearing, the district court concluded that Smith's testimony was credible and supported by other testimony and circumstantial evidence presented during the evidentiary hearing.

Because "[t]his court gives special deference to the district court's credibility determinations," *United States v. Nelson,* 137 F.3d 1094, 1110 (9th Cir.1998), we will not disturb the court's determination in this case in the absence of a "definite and firm conviction that a mistake has been committed," *Hunt v. Cromartie,* 532 U.S. 234, 121 S.Ct. 1452, 1458, 149 L.Ed.2d 430 (2001) (citation and internal quotation marks omitted); *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000) (citation and internal quotation marks omitted), *cert. denied,* 531 U.S. 1172, 121 S.Ct. 1141, 148 L.Ed.2d 1004 (2001). Wynn argues that "a fair inference" can be drawn from Smith's testimony at the evi-

dentiary hearing that Wynn in fact was not threatening her. Wynn misses the limited scope of our review under the "clearly erroneous" standard. Under that standard, we affirm the district court's denial of habeas relief.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.